1  Jennifer W. Kennedy
   CA SBN# 185406
2  61 S. Baldwin Ave. #1626
   Sierra Madre, CA 91025-7076
3  Telephone: (626) 888-2263
   E-mail: jenniferkennedyesq@gmail.com
4  *Local Counsel*
   *Attorney of Record*
5
   E. Scott Lloyd
6  Virginia Bar # 76989
   Lloyd Law Group, PLLC
7  106 Chester Street, Suite 1
   Front Royal, Virginia 22630
8  Telephone: (540) 823-1110
   Fax: (540) 583-4279
9  E-mail: scott@lloydlg.com
   **admitted Pro Hac Vice*
10
   Attorneys for Plaintiff
11 DANIEL B. MARTIN

12
                       **UNITED STATES DISTRICT COURT**
13                    **NORTHERN DISTRICRT OF CALIFORNIA**
                           **SAN FRANCISCO DIVISION**
14

15 DANIEL B. MARTIN                        )  Case No.: 3:25-cv-04382
                                           )
16                 Plaintiff,              )  **AMENDED COMPLAINT**
                                           )
17       vs.                               )
                                           )  DATE: no trial date set
18 MASTERS, MATES, AND PILOTS              )  TIME: N/A
                                           )  COURTROOM: 15
19       and                               )  JUDGE: Hon. Rita F. Lin
                                           )
20 MATSON NAVIGATION CO.                   )  Complaint filed: February 6, 2025
                                           )
21                                         )
                                           )
22                 Defendants.             )
                                           )
23                                         )

- 1 -
AMENDED COMPLAINT

## AMENDED COMPLAINT

Plaintiff DANIEL B. MARTIN, ("Plaintiff"), by and through his attorneys, and pursuant to Fed. R. Civ. P. 15 (A)(1)(B), submits this Amended Complaint and states the following in support of his Complaint and Jury Demand against MASTERS, MATES, & PILOTS and MATSON NAVIGATION CO., ("Defendants"):

## JURISDICTION AND VENUE

1. This Court has already dismissed this matter for "lack of subject matter jurisdiction," noting that it lacks both federal question jurisdiction and diversity jurisdiction. *Martin v. Masters*, 761 F. Supp. 3d 1236, 1242 (N.D. Cal. 2025).

## DECLARATION REGARDING REMOVAL

2. Plaintiff submits this Amended Complaint to comply with the Clerk's Notice in this case, Docket No. 22. That Notice instructed Plaintiff to file opposition to the pending Motions to Dismiss in the case. Plaintiff, to the extent that a response was necessary in light of his Motion to Remand and his Motion to Stay (Docket Nos. 23 and 24, respectively), intended to file this Amended Complaint, thus mooting the Motions to Dismiss.

3. As indicated in his Motion to Remand and in this filing, Plaintiff agrees with this Court that it lacks jurisdiction over these matters, which are exclusively matters of California state law. Plaintiff files this Amended Complaint solely to comply with the Court's Notice and does not by filing this Amended Complaint intend to waive any of his objections to jurisdiction or any of the arguments contained in his Motion to Remand. Plaintiff reserves all rights with respect to the question of whether jurisdiction is proper in federal court. *See*, *City of Oakland v. BP Pub. Ltd. Co.*, 969 F.3d 895, 909 (9th Cir. 2020)(Plaintiffs' notice provided in their amended complaint "was sufficient to preserve the argument that removal was improper.").

## PARTIES

4. Plaintiff DANIEL B. MARTIN is a United States Coast Guard- licensed Deck Officer and Member of the International Organization of Master's, Mates, & Pilots ("MM&P"), a maritime union, available for work on union contracted vessels both at the Port of Oakland as well as on union contracted vessels operating out of the Port of Oakland or other union halls.

5. Defendant MASTERS, MATES, & PILOTS ("MM&P") is a maritime union with headquarters at Linthicum Heights, Maryland. The membership consists primarily of Deck Officers licensed by the United States Coast Guard. MM&P operates two union dispatch halls in California located at Wilmington, California, and Oakland, California.

6. Defendant MATSON NAVIGATION CO ("Matson") is an owner / operator of ocean-going U.S. flagged merchant vessels under contract with MM&P, with Corporate Headquarters at Honolulu, Hawaii, and operational offices located at Oakland, CA.

## STATEMENT OF FACTS

7. Plaintiff DANIEL B. MARTIN is a United States Coast Guard- licensed Deck Officer in the Merchant Marine.

8. As a Deck Officer, Mr. Martin had established a relationship with Matson, deploying several times on merchant voyages on behalf of Matson.

9. He intended to work on Matson vessels in port and at sea with an assignment from MM&P Dispatch Hall.

10. He would have earned $5,700 for his work as a Port Relief Officer from October 1, 2021, to December 31, 2021.

11. He would have earned $90,500 at sea for a standard 120-day dispatch on a Matson vessel on the West Coast to Honolulu during 2022.

12. According to the standard operating procedures for acquiring jobs at the nearby Ports, Mr. Martin was eligible for at least six voyages dispatching in April and May of 2022.

13. He would have obtained any of these jobs, because he would have been next in line for eligibility based on the dispatch's standard operating procedures.

14. He was only one deployment away from retirement as of October 1, 2021, and was planning to deploy with Matson.

15. Merchant mariners count on the income from a single deployment, which can last several months, for income for the entire year, so they are able to maintain a somewhat normal life when not at sea, without the need to spend the majority of time away from home.

16. MM&P and Matson, without consulting the membership, together instituted a Requirement effective October 1, 2021, that no Member could be dispatched to a Matson vessel in any capacity unless that Member had received one of three proffered vaccines for COVID-19.

17. MM&P posted a notice titled "Memorandum of Understanding" dated August 26, 2021, at its dispatch hall at Oakland, California.

18. The practical effect of this Memorandum of Understanding was that, as of October 1, 2021, no Member could work on a Matson-operated vessel either in port or at sea unless the Member provided proof of having accepted a vaccination for COVID-19.

19. Mr. Martin timely objected to this requirement in a Notice / Demand dated September 20, 2021, on these and other grounds:

    a. Each of the listed vaccines at the time were available to the public solely under Emergency Use Authorization (EUA) as investigational vaccines not licensed for any indication.

    b. The listed vaccines were in fact investigational "medical treatments."

    c. Plaintiff asserted a religious right to refuse an EUA medical product / treatment

20. In response, Matson requested that Mr. Martin submit a request for religious exemption.

21. Mr. Martin submitted a request for religious exemption.

22. Matson rejected the request without explanation. Matson did not respond to any of the other elements or objections in the September 20, 2021, Notice / Demand.

23. On December 22, 2021, Mr. Martin requested a grievance hearing with MM&P.

24. MM&P denied the grievance on February 14, 2022, after a telephonic hearing.

25. On January 04, 2022, Mr. Martin submitted a letter titled "Notice & 14 Day Demand" to MM&P and Matson.

26. Mr. Martin received no response to his January 4, 2022, letter.

27. Because of the MOU, Matson barred Mr. Martin from working on a Matson vessel as he had in the past.

28. Given the nature of his profession, this amounted to the loss of both a year's income and his planned retirement.

29. Both Matson and MM&P were aware that Mr. Martin objected to his taking the COVID-19 vaccine.

30. Upon information and belief, and upon information subject to judicial notice pursuant to California Evidence Code §452, both Matson and MM&P were aware that Mr. Martin has a right to bodily integrity rooted in the U.S. Constitution, the California Constitution, and State common law.

31. Upon information and belief, and upon information subject to judicial notice pursuant to California Evidence Code §452, both Matson and MM&P were aware that Mr. Martin has a right to refuse unwanted medical treatment rooted in the California Constitution and State common law.

32. Matson and MM&P failed to recognize and protect Mr. Martin's rights to bodily integrity and to refuse unwanted medical treatment.

33. Matson and MM&P, through their negotiations and institution of their MOU, conspired to coerce Mr. Martin to violate his rights to bodily integrity and to refuse unwanted medical treatment by taking a COVID-19 vaccine that he did not want.

34. Matson and MM&P, through their negotiations and institution of their MOU, conspired to exert coercive pressure on Mr. Martin to violate his rights to bodily integrity and to refuse unwanted medical treatment by threatening his livelihood.

35. The exertion of coercive pressure upon medical decisions violates all relevant standards of medical ethics.

36. Other members of Matson's operations, who worked in close proximity to Deck Officers on the same ships and ports, were not subject to the same requirement.

37. None of the vaccines available prevented infection with and transmission of COVID-19.

38. This information was publicly available at the time of the MOU.[1]

39. Upon information and belief, and upon information subject to judicial notice pursuant to California Evidence Code §452, Matson and MM&P were aware that none of the vaccines prevented transmission of COVID-19 at the time they instituted the MOU.

40. Without any genuine health justification, and without any genuine option for religious accommodation, the only explanation remaining for Matson and MM&P's coercive vaccinated requirement is animus toward the unvaccinated and / or those with religious beliefs opposing the COVID-19 vaccinations as separate and discrete classes.

41. Mr. Martin brought an action in the U.S. District Court for the Northern District of California, Case No. 3:23-cv-04859, on September 22, 2023.

42. In that case, he brought both state and federal claims.

43. The Court issued an opinion in that case dismissing the federal claims and declining to exercise jurisdiction over the state claims on January 7, 2025.

## COUNT I
## Assault

44. All preceding paragraphs are incorporated herein.

45. In California, "That a competent person has the right to refuse treatment is a statement both of common law and of state constitutional law. *Conservatorship of Wendland*, 26 Cal. 4th 519, 531, (2001).

46. Regarding the common law right to refuse treatment, the California Supreme Court has stated:

> The landmark case is *Schloendorff v. Society of New York Hospital,* 211 N.Y. 125, (1914) in which Judge Cardozo wrote that '[e]very human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent commits an assault,

---

[1] Holcombe and Maxouris, CDC head says COVID-19 vaccines prevent severe illness and death, but they can't prevent transmission, CNN.COM, (August 16, 2021), at https://www.cnn.com/us/live-news/coronavirus-pandemic-vaccine-updates-08-06-21/h_61de1502e86060f5faf4477339928e33. *See also*, Singanayagam, Ankia, PhD, et al., *Community transmission and viral load kinetics of the SARS-CoV-2 delta (B.1.617.2) variant in vaccinated and unvaccinated individuals in the UK: a prospective, longitudinal, cohort study*, The Lancet, Infectious Diseases, October 29, 2021, https://www.thelancet.com/journals/laninf/article/PIIS1473-3099(21)00648-4/fulltext (British study finding that "fully vaccinated individuals with breakthrough infections have peak viral load similar to unvaccinated cases and can efficiently transmit infection in household settings, including to fully vaccinated contacts").

for which he is liable in damages." [California] adopted this principle in *Cobbs v. Grant*, 8 Cal. 3d 229, 242 (1972), adding that "the patient's consent to treatment, to be effective, must be an informed consent."

*Conservatorship of Wendland*, 26 Cal. 4th 519, 531, (2001)

47. A civil action for assault is based upon an invasion of the right of a person to live without being put in fear of personal harm. Every person has the right of protection from bodily restraint or harm. *Lowry v. Standard Oil Co.*, 63 Cal. App. 2d 1, 7, (1944)(citations omitted).

48. Matson and MM&P exerted coercive pressure upon Mr. Martin to accept unwanted medical treatment by threatening his livelihood. That harm, if inflicted bodily, would have constituted battery, and the fear of which, constitutes assault.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment:

1. Declaring the actions of Matson and MM&P unlawful.

2. Awarding compensatory relief, punitive damages, and attorney's fees.

3. For such other, further or different relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED:

Plaintiffs hereby demand a jury trial.

Dated:  June 18, 2025          By:     /s/ E. Scott Lloyd
                                        E. Scott Lloyd
                                        Virginia Bar # 76989
                                        Lloyd Law Group, PLLC
                                        15 Chester Street
                                        Front Royal, VA 22630
                                        Tel. (540) 823-1110
                                        scott@lloydlemmonhale.com
                                        *Pro Hac Vice application to be submitted*

                                        Jennifer W. Kennedy
                                        California Bar # 185406
                                        61 S. Baldwin Ave. #1626
                                        Sierra Madre, CA 91025-7076
                                        Telephone: (626) 888-2263
                                        E-mail: jenniferkennedyesq@gmail.com
                                        *Local Counsel*
                                        *Attorney of Record*

## PROOF OF SERVICE

On June 17, 2025, I served a copy of the above Motion to Stay via email on the persons or entities named below through the Court's ECF system:

**Attorneys for Defendant Masters, Mates, & Pilots:**

Jason Wojciechowski
Bush Gottlieb
801 N Brand Boulevard, Suite 950
Glendale, CA 91203
818-973-3200
**via email to: jasonw@bushgottlieb.com**

Samantha Keng
Bush Gottlieb
801 N Brand Boulevard, Suite 950
Glendale, CA 91203
818-973-3200
**via email to: skeng@bushgottlieb.com**

**Attorneys for Defendant Matson Navigation Company, Inc.:**

Jason A. Geller
Fisher & Phillips, LLP
1 Montgomery Street, Suite 3400
San Francisco, California 94104
415-490-9000
**via email to: jgeller@fisherphillips.com**

Hyunki (John) Jung
Fisher & Phillips, LLP
1 Montgomery Street, Suite 3400
San Francisco, California 94104
415-490-9000
**via email to: hjung@fisherphillips.com**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 17, 2025

/s/ E. Scott Lloyd
E. Scott Lloyd
Virginia Bar # 76989
Lloyd Law Group, PLLC

106 Chester Street, Suite 1
Front Royal, VA 22630
Tel. (540) 823-1110
scott@lloydlg.com
*Admitted Pro Hac Vice*