UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL B. MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MASTERS, MATES, & PILOTS, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-04382-RFL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND;**<br><br>**GRANTING DEFENDANT INTERNATIONAL ORGANIZATION OF MASTERS, MATES, AND PILOT'S MOTION TO DISMISS;**<br><br>**REMANDING THE CASE AFTER DECLINING JURISDICTION OVER REMAINING STATE LAW CLAIM AGAINST DEFENDANT MATSON NAVIGATION COMPANY INC.; AND**<br><br>**DENYING AS MOOT DEFENDANT MATSON NAVIGATION COMPANY INC.'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 23, 24, 30, 31, 32 |

　　Plaintiff Daniel Martin brings a single claim of assault, alleging that Defendant Matson Navigation Co. ("Matson") conspired with his union, Defendant Masters, Mates, & Pilots ("MM&P"), in attempting to coerce Martin to violate his right to bodily integrity by receiving a COVID-19 vaccination that he did not want. (Dkt. No. 25 ("FAC") ¶ 33.) Martin is a licensed deck officer who has worked aboard merchant vessels, including those operated by Matson, and is a member of maritime union MM&P. (*Id.* ¶¶ 4, 8.) Beginning in October 2021, Matson and MM&P required that all union members be vaccinated against COVID-19 to be employed on Matson's vessels. (*Id.* ¶ 16.) Martin objected to this requirement and submitted a request for

1

religious exemption, which Matson rejected.  (*Id.* ¶¶ 21, 22.)  Subsequently, Martin requested a grievance hearing with MM&P, but his grievance was denied on February 14, 2022.  (*Id.* ¶¶ 23–24.)  Due to this policy, Martin was unable to work aboard a Matson vessel, resulting in a loss of income and his planned retirement.  (*Id.* ¶¶ 27–28.)

Martin previously filed a lawsuit related to the same alleged misconduct, against the same Defendants, on September 22, 2023, asserting a federal claim under 42 U.S.C. § 1985(3) and a state law claim for medical battery.  *Martin v. Masters, Mates, & Pilots et al.*, 3:23-cv-04859-RFL, Dkt. No. 1.  Defendants' motion to dismiss was granted as to the Section 1985(3) claim. *Martin v. Masters, Mates, & Pilots*, 761 F. Supp. 3d 1236, 1242 (N.D. Cal. 2025) ("*Martin I*"). In Martin's opposition to dismissal, he stated that he was not pursuing a medical battery claim against MM&P, "acknowledg[ing] case law indicating that the federal duty of fair representation preempts a tort claim . . ., and that such a claim in [] Martin's case would be untimely."  *Martin v. Masters, Mates, & Pilots et al.*, 3:23-cv-04859-RFL, Dkt. No. 74, at 3.[1]  However, Martin continued to assert a medical battery claim against Matson.  After dismissing the sole federal claim, *Martin I* declined to exercise supplemental jurisdiction over the medical battery claim, dismissing it without prejudice to refiling in state court.

On February 6, 2025, Martin filed suit in the Superior Court of California for the County of Monterey asserting one claim of "Assault / Attempted Battery / Medical Battery" against both Matson and MM&P.  (Dkt. No. 1-1.)  Defendants removed the action.  (Dkt. No. 1.)  Martin amended his complaint and now moves to remand (Dkt. No. 23), and Defendants each move to dismiss (Dkt. Nos. 30, 32).  Because Martin's claim against MM&P is preempted by federal law, Martin's Motion to Remand is **DENIED**.  MM&P's Motion to Dismiss is **GRANTED WITHOUT LEAVE TO AMEND AND WITH PREJUDICE** because Martin's claim is time-barred.  That leaves only Martin's state law claim against Matson.  Therefore, the Court again exercises its discretion to decline supplemental jurisdiction over the remaining state law claim,

---

[1] All citations to page numbers refer to ECF pagination.

2

and **REMANDS** the case to state court.

*Plaintiff's Motion to Remand*.  Defendants assert federal question jurisdiction on the basis that Martin's state law claim against MM&P must be recharacterized as a federal claim stemming from MM&P's duty of fair representation under Section 9 of the National Labor Relations Act.  *See* 29 U.S.C. § 159(a).  Generally, a claim "arises under" federal law only if a federal question appears on the face of plaintiff's complaint.  However, under the "artful pleading" doctrine, a plaintiff cannot defeat removal of a federal claim by disguising it as a state claim.  *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir.1983).  Such an artfully pled claim will be recharacterized as a federal claim and removal will be upheld.  *Id.* The First Circuit has held that, in light of Congress's intent that "federal law completely governs the duties owed by an exclusive collective bargaining representative to those within the bargaining unit," state law claims challenging a union's representational activities must be recharacterized under the artful pleading doctrine as arising under federal law.  *See*, *e.g.*, *BIW Deceived v. Local S6, Ind. Union of Marine and Shipbuilding Workers of Am.*, 132 F.3d 824 (1st Cir. 1997).  Many district courts in the Ninth Circuit have followed the same approach.  *See*, *e.g.*, *Madison v. Motion Picture Set Painters & Sign Writers Loc. 729*, 132 F. Supp. 2d 1244, 1257 (C.D. Cal. 2000) (collecting cases); *James v. United Furniture Workers Local 89262*, No. 21-cv-03893-JCS, 2021 WL 3616776, at *7 (N.D. Cal. Aug. 16, 2021); *cf. Adkins v. Mireles*, 526 F.3d 531, 539–40 & n. 4 (9th Cir. 2008) ("Appellants may not escape federal labor law preemption by 'artfully' pleading their claims, avoiding references to preemptive federal law.").  The Court likewise follows this well-reasoned approach.

To determine whether Martin's state law claim is a federal fair representation claim in disguise, the test is whether Martin's claim is based on the union's failure to pursue a grievance on his behalf or to otherwise represent his interests.  "The vast majority of duty of fair representation claims arise in the grievance procedure context: the employee claims that a union failed to process a grievance or mishandled its presentation." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).  "To bring a successful state law action, aggrieved workers must

3

make a showing of additional duties, if they exist, beyond the normal incidents of the union-employee relationship." *Adkins*, 526 F.3d at 539 (citation omitted). "Such duties must derive from sources other than the union's status as its members' exclusive collective bargaining representative, such as an express provision of the collective bargaining agreement or a collateral contract." *Id.* 539–40. "Courts have routinely held that the duty of fair representation preempts generic state-law claims that are based on a union's failure to pursue a grievance or otherwise represent its members' interests." *James*, 2021 WL 3616776, at *7 (collecting cases).

Martin's assault claim against MM&P is properly characterized as a federal claim under Section 9 because his claim arises from the union's duty of representation. Martin alleges that MM&P failed to consult with its union members prior to entering into a vaccination-related agreement with Matson, improperly denied his grievance, and as a result "Matson barred [] Martin from working on a Matson vessel." (FAC ¶¶ 16, 23–24, 27). These allegations turn on MM&P's duty to represent Martin. *See James*, 2021 WL 3616776, at *7 (dismissing claims as preempted where "all of those theories appear to turn solely on the Union's failure to pursue a grievance and prevent James's termination"). Martin does not identify any duty that MM&P owed him outside of its duty to represent him. Under the circumstances, Martin's cause of action is properly recharacterized as a federal duty of fair representation claim. *Kingi v. Screen Actors Guild - Am. Fed'n of Television & Radio Artists*, No. 24-5306, 2025 WL 1937450, at *2 (9th Cir. July 15, 2025) (finding that plaintiffs' state law claims against the union—which arose from mandatory vaccination policies adopted pursuant to the union's return-to-work agreement—were preempted by the duty of fair representation). Therefore, Martin's claim against MM&P is preempted by the duty of fair representation, subject matter jurisdiction exists under 28 U.S. C. § 1331, and Martin's motion to remand is denied.

*MM&P's Motion to Dismiss.* MM&P moves to dismiss on the basis that, once Martin's claim is properly recharacterized as a federal claim under Section 9, the claim is time-barred. The statute of limitations for a claim for breach of the NLRA's duty of fair representation is six months. *Kolombo v. Hughes Market Inc.*, 886 F.2d 258, 259 (9th Cir.

1989).  "[T]he six-month period generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union."  *Galindo*, 793 F.2d at 1509.  Martin alleges that MM&P denied his grievance on February 14, 2022.  At this point, Martin knew the facts that gave rise to his duty of fair representation claim, and the six-month statute of limitations began to run.  However, Martin waited more than 19 months before he filed suit on September 22, 2023.  In opposition, Martin does not argue that the statute of limitations should be extended or tolled, nor does he argue that he can allege new facts to avoid the statutory bar.  Therefore, the claim is dismissed as barred by the statute of limitations.  Dismissal is without leave to amend and with prejudice, because further amendment would be futile.  *See Kingi*, 2025 WL 1937450, at *2 (affirming dismissal with prejudice of plaintiffs' preempted claims as untimely where "[p]laintiffs have not explained how amendment could remedy the defects identified").

*Conclusion*.  Martin's Motion to Remand (Dkt. No. 23) is **DENIED**, and MM&P's Motion to Dismiss (Dkt. No. 32) is **GRANTED WITHOUT LEAVE TO AMEND AND WITH PREJUDICE**.  Because the sole federal claim has been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claim against Matson, for the same reasons as in *Matson I*.  *See* 28 U.S.C. § 1367(c)(3).  Matson's Motion to Dismiss (Dkt. No. 30) and Request for Judicial Notice (Dkt. No. 31) are thus **DENIED AS MOOT**.  Martin's Motion to Stay (Dkt. No. 24) is likewise **DENIED AS MOOT**.  The case is **REMANDED**.  *See Contest Promotions, LLC v. City & Cnty. of San Francisco*, No. 15-cv-04365-SI, 2016 WL 1055261, at *5 (N.D. Cal. Mar. 16, 2016).  The Clerk is directed to remand this action to the Superior Court of California for the County of Monterey.

**IT IS SO ORDERED.**

Dated: August 25, 2025

_____
RITA F. LIN
United States District Judge